**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

STEVEN D. DOLBERG and
BONITA B. HARRIS,
Plaintiff(s),

CASE NO: 5:26-cv-00442

vs.

SOO H. KIM and KEUM S. KIM a/k/a SOOIL KIM
a/k/a SOO-IL KIM,

Defendant(s).
_______________________________________/

## COMPLAINT

**COMES NOW** the Plaintiffs STEVEN D. DOLBERG ("DOLBERG") and BONITA B. HARRIS ("HARRIS") (collectively, "Plaintiffs"), by and through their undersigned attorneys, and sue the Defendants, SOO H. KIM ("SOO") and KEUM S. KIM a/k/a SOOIL KIM a/k/a SOO-IL KIM ("KEUM") (collectively, "Defendants"), and in support state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for personal injury damages resulting from a motor vehicle collision that occurred on October 24, 2024, in Ocala, Florida.

2. This Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of fees, interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendants.

3. At all times material hereto, Plaintiff, DOLBERG, was and is a citizen of the State of Florida, domiciled in and a resident of Ocala, Marion County, Florida and was otherwise *sui juris*.

4. At all times material hereto, Plaintiff, HARRIS, was and is a citizen of the State of Florida, domiciled in and a resident of Ocala, Marion County, Florida and was otherwise *sui juris*.

5. Upon information and belief, Defendant, KEUM, at all times material hereto was and is domiciled in and a resident of State of Georgia and/or the State of Florida and was operating a motor vehicle on the public roadways of the State of Florida.

6. Upon information and belief, Defendant, SOO, at all times material hereto was and is domiciled in and a resident of State of Georgia and/or the State of Florida.

7. This Court has personal jurisdiction over Defendants pursuant to § 48.193, Florida Statutes, because Defendants operated, conducted, engaged in, or carried on activities within the State of Florida by operating a motor vehicle upon the highways and roadways of Florida, and Plaintiffs' cause of action arises directly from Defendants' activities within this State.

8. Alternatively, to the extent Defendants are a nonresident of the State of Florida, Defendants are subject to the jurisdiction of this Court pursuant to § 48.171 and § 48.193, Florida Statutes, because Defendants accepted the privilege of operating a motor vehicle within the State of Florida and Plaintiffs' claims arise from a motor vehicle collision occurring within the State of Florida.

9. Venue is appropriate in the Middle District of Florida as the events giving rise to the claims set forth below occurred there.

10. All conditions precedent to the filing and maintenance of this action have been performed, have occurred, or have been waived.

## GENERAL ALLEGATIONS

11. On October 24, 2024, Plaintiff DOLBERG was a restrained driver in a 2015 Lexus NX200T (the "Lexus" and/or "Plaintiffs' Vehicle") traveling on Interstate 75 in Marion County, Florida.

12. At all times material hereto, Plaintiff HARRIS was a restrained passenger in the Lexus driven by Plaintiff, DOLBERG.

13. On or about October 24, 2024, Defendant SOO and/or Defendant KEUM, owned and/or maintained a 2014 Jeep Grand Cherokee (Vehicle Identification No.: 1C4RJEBG1EC243155) (the "Jeep" and/or "Defendants' Vehicle").

14. On October 24, 2024, Defendant KEUM, was in possession of and operated and/or permissively operated the Jeep while traveling on Interstate 75 in Marion County, Florida.

15. At the above time and place, Defendant, KEUM, negligently and carelessly operated and/or maintained the Jeep thereby causing it to collide with the motor vehicle that Plaintiffs were occupying and caused Plaintiffs to sustain serious injuries.

16. Upon information and belief, the Jeep being operated by Defendant, KEUM, was owned, controlled, operated and/or leased by and/or from Defendant, SOO, and Defendant SOO, is therefore vicariously liable under Florida's Dangerous Instrumentality Doctrine for the actions and/or conduct of Defendant KEUM, and the resulting damages to Plaintiff.

17. As a direct and proximate result of the foregoing, Plaintiff, DOLBERG, suffered serious bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing

condition. These losses are either permanent or continuing and Plaintiff will suffer said losses in the future.

18. As a direct and proximate result of the foregoing, Plaintiff, HARRIS, suffered serious bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff will suffer said losses in the future

**COUNT I – STEVEN D. DOLBERGS' NEGLIGENCE**
**CLAIM AGAINST DEFENDANT KEUM**

Plaintiff, DOLBERG, readopts and re-alleges paragraphs 1 through 18 as fully set forth and incorporated herein.

19. On or about, October 24, 2024, Defendant, KEUM, owned, operated, and/or was responsible for the operation of a Jeep while traveling on Interstate 75 in Marion County, Florida.

20. At the above time and place, Defendant KEUM negligently and carelessly operated the Jeep he/she was driving so that it collided with Plaintiffs' Vehicle.

21. As a result of this incident and the ensuing collision caused by Defendant KEUM's negligence, Plaintiff DOLBERG sustained serious injuries.

22. At that time and place, the Defendant, KEUM, was negligent by failing to use reasonable care and breaching duties owed to the Plaintiff DOLBERG including but not limited to:

a. Negligently and carelessly operating the Defendants' vehicle so as to cause said vehicle to crash into the Plaintiffs' Vehicle;

b. Negligently and carelessly following Plaintiffs' Vehicle too closely / an unsafe distance.

c. Careless driving;

d. Failure to yield to oncoming traffic;

e. Operating the vehicle in a manner which a reasonably prudent person would not have operated his or her vehicle under the same or similar circumstances;

f. Failing to keep a proper look out as she was operating her vehicle;

g. Failing to take proper evasive action by steering and applying the brakes of said vehicle to avoid crashing into the vehicle in which Plaintiff, DOLBERG was operating;

h. Failing to maintain control of the vehicle which the Defendant directed into the Plaintiffs; and

i. Any other negligence to be determined following further discovery.

23. The Defendant, KEUM's conduct is negligent and constitutes a violation of Florida Statutes, local ordinances, administrative rules and/or other such rules and/or regulations and, therefore, is negligence per se.

**WHEREFORE**, Plaintiff, STEVEN D. DOLBERG, demands judgment for damages against Defendant, KEUM S. KIM a/k/a SOOIL KIM a/k/a SOO-IL KIM, with prejudgment interest at the legal rate for all paid medical expenses, court costs, and all further relief this Court may deem just and proper.

**COUNT II – STEVEN D. DOLBERGS' VICARIOUS LIABILITY**
**CLAIM AGAINST DEFENDANT SOO**

Plaintiff DOLBERG reaffirms, realleges, and incorporates by reference paragraphs numbers 1 through 18 above as if fully set forth herein and further alleges:

24. On or about October 24, 2024, Defendant KEUM operated the Jeep in Marion County, Florida so that it caused a collision with Plaintiffs' Vehicle.

25. Upon information and belief, on or about October 24, 2024, the Jeep being operated by Defendant KEUM at the time he/she struck Plaintiffs' Vehicle and injured Plaintiff DOLBERG was registered to and owned by Defendant SOO and was under the control of Defendant SOO.

26. On or about October 24, 2024, the Jeep was operated by Defendant KEUM with Defendant SOO's permission, knowledge, and consent. Defendant KEUM negligently operated the Jeep so that it caused a collision with Plaintiffs' Vehicle.

27. Defendant SOO is responsible for permissive users pursuant to Florida's Dangerous Instrumentality Doctrine.

28. As a direct and proximate result of the foregoing, Plaintiff DOLBERG suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff DOLBERG will suffer losses in the future.

**WHEREFORE**, Plaintiff, STEVEN D. DOLBERG, demands judgment for damages against Defendant, KEUM S. KIM a/k/a SOOIL KIM a/k/a SOO-IL KIM, with prejudgment interest at the legal rate for all paid medical expenses, court costs, and all further relief this Court may deem just and proper.

**COUNT III – BONITA B. HARRIS' NEGLIGENCE**
**CLAIM AGAINST DEFENDANT KEUM**

Plaintiff, HARRIS, readopts and re-alleges paragraphs 1 through 18 as fully set forth and incorporated herein.

29. On or about, October 24, 2024, Defendant, KEUM, owned, operated, and/or was responsible for the operation of a Jeep while traveling on Interstate 75 in Marion County, Florida.

30. At the above time and place, Defendant KEUM negligently and carelessly operated the Jeep he/she was driving so that it collided with Plaintiffs' Vehicle.

31. As a result of this incident and the ensuing collision caused by Defendant KEUM's negligence, Plaintiff HARRIS sustained serious injuries.

32. At that time and place, the Defendant, KEUM, was negligent by failing to use reasonable care and breaching duties owed to the Plaintiff HARRIS including but not limited to:

a. Negligently and carelessly operating the Defendants' vehicle so as to cause said vehicle to crash into the Plaintiffs' Vehicle;

b. Negligently and carelessly following Plaintiffs' Vehicle too closely / an unsafe distance.

c. Careless driving;

d. Failure to yield to oncoming traffic;

e. Operating the vehicle in a manner which a reasonably prudent person would not have operated his or her vehicle under the same or similar circumstances;

f. Failing to keep a proper look out as she was operating her vehicle;

g. Failing to take proper evasive action by steering and applying the brakes of said vehicle to avoid crashing into the vehicle in which Plaintiff, HARRIS was a passenger;

h. Failing to maintain control of the vehicle which the Defendant directed into the Plaintiffs; and

i. Any other negligence to be determined following further discovery.

33. The Defendant, KEUM's conduct is negligent and constitutes a violation of Florida Statutes, local ordinances, administrative rules and/or other such rules and/or regulations and, therefore, is negligence per se.

**WHEREFORE**, Plaintiff, BONITA B. HARRIS, demands judgment for damages against Defendant, KEUM S. KIM a/k/a SOOIL KIM a/k/a SOO-IL KIM, with prejudgment interest at

the legal rate for all paid medical expenses, court costs, and all further relief this Court may deem just and proper.

**COUNT IV – BONITA B. HARRIS' VICARIOUS LIABILITY**
**CLAIM AGAINST DEFENDANT SOO**

Plaintiff HARRIS reaffirms, realleges, and incorporates by reference paragraphs numbers 1 through 18 above as if fully set forth herein and further alleges:

34. On or about October 24, 2024, Defendant KEUM operated the Jeep in Marion County, Florida so that it caused a collision with Plaintiffs' Vehicle.

35. Upon information and belief, on or about October 24, 2024, the Jeep being operated by Defendant KEUM at the time he/she struck Plaintiffs' Vehicle and injured Plaintiff HARRIS was registered to and owned by Defendant SOO and was under the control of Defendant SOO.

36. On or about October 24, 2024, the Jeep was operated by Defendant KEUM with Defendant SOO's permission, knowledge, and consent. Defendant KEUM negligently operated the Jeep so that it caused a collision with Plaintiffs' Vehicle.

37. Defendant SOO is responsible for permissive users pursuant to Florida's Dangerous Instrumentality Doctrine.

38. As a direct and proximate result of the foregoing, Plaintiff HARRIS suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff HARRIS will suffer losses in the future.

**WHEREFORE**, Plaintiff, BONITA B. HARRIS, demands judgment for damages against Defendant, KEUM S. KIM a/k/a SOOIL KIM a/k/a SOO-IL KIM, with prejudgment interest at

the legal rate for all paid medical expenses, court costs, and all further relief this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, STEVEN D. DOLBERG and BONITA B. HARRIS, additionally demand a trial by jury for all issues and upon all matters so triable as a matter of right.

Dated: June 17, 2026.

**SCHWARTZ INJURY LAW PA**
Attorneys for Plaintiffs
200 E. Broward Boulevard, Suite 1220
Fort Lauderdale, FL 33301
TEL: (954) 526-2529
Fax: (954) 526-3038
Email: bross@schwartzinjury.com

By: ***/s/ Bradley A. Ross***
BRADLEY A. ROSS, ESQ.
Florida Bar No. 0640069
MARC E. SCHWARTZ, ESQ.
Florida Bar No. 005071
ANA M. PEREZ, ESQ.
Florida Bar No. 1038769